**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1781-22

B.D.,

    Plaintiff-Appellant,

v.

SUSSEX COUNTY
PROSECUTOR'S OFFICE,

    Defendant-Respondent.

_____

Submitted March 4, 2024 – Decided April 19, 2024

Before Judges Berdote Byrne and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0396-22.

DiFrancesco, Bateman, Kunzman, Davis Lehrer & Flaum, PC, attorneys for appellant (Paul R. Rizzo, on the briefs).

Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, attorneys for respondent (Chad Lee Klasna, on the brief).

PER CURIAM

In this declaratory judgment action, plaintiff, B.D., appeals from the Law Division's order dismissing his complaint, in which he sought to obtain proceeds forfeited to the Sussex County Prosecutor's Office (SCPO) in a related health care insurance fraud case. Based upon our review of the record and applicable law, we affirm.

I.

This matter arises out of the criminal prosecution of Troy Leonard (Leonard), an in-home therapist who treated multiple minors, including plaintiff, who had attention-deficit/hyperactivity disorder, autism, and other undiagnosed learning disabilities. Between September 2015 and November 2015, while the SCPO investigated Leonard for allegations of sexual assault of minors, it discovered Leonard committed health care insurance fraud between 2014 and 2015. SCPO investigators uncovered multiple bank accounts containing the proceeds of that fraud and determined Leonard purchased four vehicles between 2014-2015, when the suspected health care fraud claims occurred.

On November 12, 2015, the SCPO requested an order to seize and restrain those bank accounts, which the court granted. Two days later, Leonard was arrested and charged with multiple counts of sexual abuse of minors, including plaintiff, and thirty-eight counts of second-degree health care claims fraud,

N.J.S.A. 2C:21-4.3(a), for allegedly billing insurance companies for services he did not render. Altogether the SCPO seized $610,228.15 and four vehicles.

The SCPO then filed a complaint in the Law Division, seeking forfeiture of that money and vehicles pursuant to the Forfeiture and Seizure of Property Act, N.J.S.A. 2C:64-1 to -13 (the Forfeiture Act). In the complaint, the SCPO alleged the seized money and vehicles were subject to forfeiture pursuant to N.J.S.A. 2C:64-1(a)(2), (3), and (4), and N.J.S.A. 2C:64-7 as property that had been or was intended to be used in furtherance of unlawful acts, or became or was intended to become an integral part of unlawful activities, or were the proceeds of illegal activity.

The court entered a final judgment by default in favor of the State, with title vesting in Sussex County for the property on April 18, 2016. It ordered the bank to turn over the funds in the frozen bank accounts in the amount of $610,228.15, with the title to the vehicles vesting in the County of Sussex.

Leonard pleaded guilty in the criminal matter in May 2016 and entered into a stipulation of settlement pursuant to a plea agreement, agreeing to forfeit the seized property.

On July 7, 2016, plaintiff's legal guardians initiated a separate civil action against Leonard seeking civil damages stemming from the sexual abuse. One

3

week later, plaintiff filed a motion seeking an issuance of writ of attachment on Leonard's property. On July 27, 2016, SCPO received a check for the seized funds pursuant to the forfeiture judgments and orders. On August 5, 2016, the court granted plaintiff's motion and entered an order issuing a writ of attachment. The court subsequently executed a formal writ of attachment for Leonard's personal and real property, not to exceed $1,000,000, in favor of plaintiff to be held as assurance that Leonard would answer the civil action filed against him.

On September 16, 2016, Leonard was convicted in Sussex County of multiple counts of second-degree sexual assault and second-degree health care fraud by a practitioner. On August 3, 2017, a final judgment was issued in plaintiff's favor against Leonard. Plaintiff was awarded $700,000 in compensatory damages and $100,000 in punitive damages.

Plaintiff subsequently filed a complaint against the SCPO for declaratory judgment seeking to satisfy his award from the forfeited proceeds in the amount of the judgment. SCPO filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 4:6-2(e). The trial court granted the dismissal with prejudice, finding the Insurance Fraud Prevention Act (IFPA) does not preclude the SCPO from prosecuting an act of health insurance

4

fraud or seeking civil forfeiture of proceeds derived from that criminal activity pursuant to the Forfeiture Act and the IFPA. The court also concluded plaintiff did not have standing to bring a claim against SCPO for the forfeited proceeds. It found plaintiff did "not have a substantial likelihood of harm in the event of an unfavorable decision because [he] delayed in taking timely action . . . [and he] was never joined as a party" in the civil forfeiture action, and "was not required to be joined under the statutory framework as it presently exists." This appeal followed.

## II.

We apply a plenary standard of review from a trial court's decision to grant a motion to dismiss pursuant to Rule 4:6-2(e). Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011) (citing Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005)). No deference is owed to the trial court's conclusions. Ibid.

On appeal, plaintiff continues to argue SCPO did not have the authority to seek forfeiture of Leonard's funds and could not keep the property pursuant to the IFPA. He also argues the Forfeiture Act does not permit seizure and forfeiture of fraudulently obtained insurance proceeds and the court erred in finding defendant had such authority. Lastly, plaintiff asserts he had standing

to bring his declaratory judgment claim against defendant because he had a personal interest in the matter, there is a significant public interest, and there is an actual controversy between the parties.

We need not decide whether the trial court correctly determined SCPO's forfeiture authority over the ill-gotten proceeds because, as a threshold matter, plaintiff lacked standing to assert an entitlement to the forfeited proceeds. We affirm substantially for the reasons set forth in the court's well-reasoned opinion as to standing. We add the following comments.

"In order to demonstrate standing, a plaintiff must have a 'sufficient stake in the outcome of the litigation, a real adverseness with respect to the subject matter, and there must be a substantial likelihood that the plaintiff will suffer harm in the event of an unfavorable decision.'" Garden State Equality v. Dow, 434 N.J. Super. 163, 197 (App. Div. 2013). The pivotal question before us is whether plaintiff had an interest sufficient to support this declaratory judgment action. Plaintiff did not.

The final judgment of forfeiture on April 18, 2016 severed all property interests Leonard had in the funds held in the bank accounts and cars months before plaintiff obtained a writ of attachment to Leonard's property on August 5, 2016, and nearly a year before plaintiff obtained the final judgment in the

6

civil action. A fundamental axiom of the Attachment Act is that a writ reaches only ascertainable property of the defendant in attachment. <u>See</u> N.J.S.A. 2A:26-2, 8, 12. Here, the proceeds were no longer Leonard's property when the writ of attachment issued, and later when final judgment was entered. The final judgment of forfeiture eliminated Leonard's ownership of the money and vehicles. <u>See</u> N.J.S.A. 2C:64-7 (providing "Title to property forfeited under this chapter shall vest in the entity funding the prosecuting agency involved at the time the item was utilized illegally, or, in the case of proceeds, when received."). <u>See</u> <u>also</u>, <u>Spagnuolo v. Bonnet</u>, 16 N.J. 546 (1954) (Judgment of forfeiture, when entered, related back to time of commission of violation; title of county was absolute at such time and superior to federal government's lien of taxes due from possessor, which lien had attached after seizure but before entry of judgment of forfeiture.).

Finally, as the trial court noted, plaintiff was never a party to the civil forfeiture action and did not have a right to be joined or receive notice of that action pursuant to N.J.S.A. 2C:64-3(c). Indeed, plaintiff had no right to be noticed because the final judgment for forfeiture was issued on April 18, 2016, and plaintiff did not file his complaint until July 7, 2016.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7